IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2015

### STATE OF TENNESSEE v. DENNIE LOUIS PRICE, JR.

**Appeal from the Circuit Court for Madison County**
**No. 06-623     Donald H. Allen, Judge**

---

### No. W2014-01331-CCA-R3-CD  -  Filed March 27, 2015

---

The defendant, Dennie Louis Price, Jr., appeals the trial court's revocation of his probation and reinstatement of his sentence of twelve years in the Department of Correction.  On appeal, he argues that the trial court erred in revoking his probation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, for the Defendant-Appellant, Dennie Louis Price, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### FACTS

The defendant pled guilty on April 16, 2007, to possession of .5 grams or more of cocaine with intent to sell, possession of marijuana, possession of drug paraphernalia, and violation of the light law.  He was sentenced as a Range I, standard offender to twelve years for the possession of cocaine conviction, suspended to community corrections after serving eleven months and twenty-nine days; to concurrent terms of eleven months, twenty-nine days for the misdemeanor marijuana and drug paraphernalia convictions, and to thirty days for the light law conviction.  A probation violation warrant was issued on April 24, 2014, based on the defendant's April 19, 2014 arrest for possession of Schedule

II and Schedule IV controlled substances and public intoxication. An amended warrant was issued on June 13, 2014, after the defendant pled guilty to possession of a Schedule IV controlled substance and the remaining charges were dismissed.

At the June 30, 2014 revocation hearing, Denita Cox testified that she was the defendant's probation officer and had supervised him since July 2012. She said that the first probation violation warrant was filed due to the defendant's arrest for possession of Schedule II and Schedule IV drugs and public intoxication. An amended warrant was filed after the defendant was convicted of possession of a Schedule IV drug and sentenced to eleven months, twenty-nine days, with six months to serve. She said that the defendant had reported as scheduled and provided verification that he worked two jobs.

The thirty-two-year-old defendant testified that he was arrested for possession of Hydrocodone, possession of Xanax, and public intoxication. He pled guilty to possession of Xanax, a Schedule IV controlled substance, based upon "advice from [his] lawyer" although his lawyer did not meet with him about the case or discuss the facts. He claimed that his lawyer "never told [him] that regardless if the pills [were his] girlfriend's or anybody else's as long as they were in the car then they would find [him] guilty and [counsel] basically came with the plea and said it was in [the defendant's] best judgment." He denied that the Xanax pills belonged to him and identified a prescription for Hydrocodone dated April 10, 2014, which was prescribed to him after he suffered a work-related injury. The defendant said that he worked two jobs and paid $350 monthly for child support for his three children.

Amber Copeland, the defendant's girlfriend, testified that the Xanax pills found in the defendant's car belonged to her. She identified a list of her prescriptions from her pharmacy, one of which was for Xanax dated April 10, 2014. She denied that she gave her Xanax pills to the defendant and explained that the pills were found in his car because she had borrowed it the day before and the pills must have fallen out of her purse.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered him to serve his twelve-year sentence in confinement.

## ANALYSIS

The defendant argues that the trial court erred in revoking his probation and, instead, should have ordered that he serve a period of "shock incarceration" and then be allowed to remain on probation.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment." Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. See Black v. Romano, 471 U.S. 606, 613 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 786-90 (1973). However, such a defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. Gagnon, 411 U.S. at 786; Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

In revoking the defendant's probation, the trial court made the following findings:

> Apparently [the defendant] entered into a plea agreement with the State of Tennessee whereby he pled guilty and accepted responsibility and admitted to having illegally possessed a Schedule IV controlled substance which my understanding is perhaps Xanax drugs. . . . Apparently other charges were dismissed as part of the plea agreement which apparently that's what he entered into. It says that he received an 11 months and 29 day sentence. It says six months to serve. It wasn't like he was getting

3

ready to get out of jail, so he just accepted a deal to get out of jail. He agreed to serve six months on an offense of Possession of Schedule IV drugs. . . .

> . . . .

> . . . [B]ased upon [the defendant's] admission I do find that he has been convicted of a Class A misdemeanor offense while on probation in this court.

> Based upon that conviction, I am going to revoke his probation in this case. I'm going to order that he serve this 12 year sentence in the Tennessee Department of Correction[]. Of course, he'll get credit for any jail time that he's already served. I notice this is really not the first time his probation has been revoked. He's been revoked previously. He's been sent to prison previously and apparently got placed in the boot camp program and then got released I believe back in March of 2012. You know, he's been given chances before at probation and unfortunately he has continued to violate the law. His probation will be revoked and [he will] serve his 12 year sentence.

The defendant's girlfriend testified at the revocation hearing that the Xanax found in the defendant's car belonged to her. However, the defendant pled guilty to possession of the Xanax, and the remaining charges against him were dismissed as part of the plea agreement. Additionally, the trial court noted that the defendant had previously violated his probation and had been placed in the boot camp program. We cannot conclude that the trial court abused its discretion in ordering the defendant's entire sentence placed into effect as such action was within the court's authority. See Tenn. Code Ann. §§ 40-35-310, -311(e).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve his original sentence in confinement.

_____
ALAN E. GLENN, JUDGE

4